McCONNON & CO. v. McCORMICK et al.
(No. 7391.)

(Court of Civil Appeals of Texas. Dallas. June 19, 1915. Rehearing Denied Oct. 16, 1915.)

1. APPEAL AND ERROR ☞724, 736, 742—ASSIGNMENT OF ERRORS—INDEFINITENESS.

An assignment of errors which is multifarious, indefinite, and not supported by a sufficient statement will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022, 3028, 3029; Dec. Dig. ☞724, 736, 742.]

2. PRINCIPAL AND AGENT ☞22 — EVIDENCE OF RELATION—TESTIMONY OF AGENT.

Where the issue is whether one is an agent with authority to bind his principal and to vary the terms of a written contract, his own statements as to the relationship are incompetent, and it is error to admit them.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. ☞22.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by McConnon & Co., a corporation, against W. A. McCormick and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Terry & Brown, of Kaufman, and Tawney, Smith & Tawney, of Winona, Minn., for appellant. Fred Rogers, of Dallas, for appellees.

TALBOT, J. The appellant in this case is a Minnesota corporation engaged in the manufacture and sale of proprietary medicines, extracts, spices, stock tonics, and other articles. On the 23d day of January, 1911, it entered into a written contract with the appellee W. A. McCormick, of Kaufman county, Tex., by the terms of which appellant agreed to sell and deliver to said appellee f. o. b. cars at Winona, Minn., in such reasonable quantities as the appellee might from time to time require in Kaufman county, Tex., or in such other territory as appellant might direct at the usual and customary wholesale prices at which the same are sold and delivered by appellant in other similar territories. The appellee upon his part agreed to sell goods delivered to him under the contract in Kaufman county, Tex., or such other territory as the appellant might direct from the date of the contract until the 1st day of March, 1912, at which time the agreement should terminate. It was further stipulated in the contract that appellee should keep a complete record of the goods disposed of in his territory and on hand and to make a written report of the same to appellant as it might require, and that at the expiration of the contract appellee would pay to appellant the whole amount then remaining unpaid for goods sold and delivered to him. The contract was signed by appellant in its corporate name, by Henry J. McConnon, president, and by appellee W. A. McCormick. Indorsed on or attached to this contract is a writing signed by the appellees M. L. McCormick and W. E. Jones in which they, for the recited consideration of $1, the execution of the written contract sued on by appellant, and the sale and delivery of its goods to the appellee McCormick, jointly and severally guarantee to the appellant the full payment of all indebtedness of appellee W. A. McCormick to appellant according to the terms and conditions of the contract executed by appellant and said appellee. On March 14, 1913, appellant instituted this suit against the appellees, W. A. McCormick, M. L. McCormick, and W. E. Jones, to recover the sum of $878.28 alleged to be the balance due and unpaid for goods sold to appellee W. A. McCormick under the contracts mentioned. In answer to appellant's suit, the appellee W. A. McCormick, alleged fraudulent representations made to him by one J. H. Sturdevant, charged to be the agent of appellant, which, he says, induced him to sign the contract sued on, the nature of which alleged representations will sufficiently appear in the discussion of the questions raised by the assignments of error. The appellees M. L. McCormick and W. E. Jones also filed answers, but we deem it unnecessary, in view of the disposition we shall make of the appeal, to state the nature of their answers. The case was tried and submitted to a jury on special issues, and, their findings being favorable to appellees, judgment was rendered thereon that appellant take nothing by its suit, and that the appellees recover their costs. Appellant filed a motion for a new trial, which was overruled, and it appealed.

[1] A consideration of appellant's first assignment of error is objected to, in effect, on the grounds that it is multifarious, does not

definitely point out the several errors complained of, and is not followed by a sufficient statement in explanation and support thereof to enable the court to determine the questions raised without searching the record for the facts in relation thereto. The objections are well taken, and the assignment will not be considered.

[2] The second assignment of error is as follows:

"The court erred in admitting in evidence the alleged statements of J. H. Sturdevant to establish his agency of and authority to represent the plaintiff, over the objections of appellant, to which exceptions were duly taken, and erred in refusing to give appellant's special charge No. 1, instructing the jury to disregard the evidence of such statements, to which refusal appellant duly excepted, and also erred in giving the last paragraph of the charge to the jury instructing them 'that the fact of agency cannot be established upon the declarations of the agent alone that he was such agent, but may be established by proof of circumstances, or other facts which satisfy the minds of the jury that such relation of agency existed,' because no such other facts had been proven, to which appellant duly excepted, all of which appears in plaintiff's bill of exceptions, and was complained of in the third, fourth, and fifth grounds of appellant's motion for a new trial."

The consideration of this assignment is also objected to on the ground that it is multifarious, but the rulings of the court therein complained of relate to the same subject, and the objections will be overruled. The proposition propounded under this assignment is to the effect that declarations of an agent as to his authority are incompetent to prove agency, and, there being no other evidence in the case sufficient to prove the agency or authority of J. H. Sturdevant to represent the appellant, the rulings complained of were errors, for which the judgment should be reversed. The main defense to appellant's suit, in substance, was and is that J. H. Sturdevant, the authorized agent of appellant before and at the time the written contract declared on was executed, represented orally to appellee W. A. McCormick, among other things, that if he, appellee, would enter into the written contract declared on, appellant would furnish him their goods to be sold in his territory; that he would be required to make cash, credit, and trial sales to his customers of said goods; that in the event he was unable to make cash or credit sales, he was to leave a considerable amount of goods with prospective customers as a "trial sale, and if the articles of goods so left were found to be satisfactory, and the prospective customer desired to keep them, after using a portion of them, he was to pay for same, but, if not, he (appellee) was to take back such of the goods which had not been used"; that in making such "trial sales" there would be no risk on appellee's part, as appellant was anxious to introduce its goods in the state of Texas, and that he (appellee) would not have to stand any loss by reason of his failure to collect outstanding accounts resulting from time or trial sales; that these representations were relied upon in good faith by the defendant at the time he entered into the written contract with appellant, and they were the "sole inducing cause which resulted in the consummation of said contract; that said representations were willfully and fraudulently made for the purpose of intentionally inducing appellee to enter into said contract; that he made at least $2,000 worth of trial sales, $1,800 of which cannot be collected." These alleged representations are materially variant from the terms of the within contract sued on, and therefore the authority of J. H. Sturdevant as the agent of appellant to make and bind appellant by said alleged fraudulent representations was a vital issue in the case. The jury found in response to questions asked by the trial court that said representations were made by Sturdevant, and that he was authorized by appellant to make them; that appellee relied upon said representations, and was thereby induced to execute the written contract declared on.

That the declarations of an agent are incompetent to establish his agency is so elementary that we need not cite authorities in support of the proposition. Hence the admission in evidence of the declarations of the witness Sturdevant to the effect that he was the authorized agent of appellant, clothed with authority to bind it by his representations, was clearly error, and, in view of the state of the evidence as shown by the record sent to this court, was prejudicial error. The testimony offered by appellant upon the question was to the effect that Mr. Sturdevant was not clothed with any such authority, and the facts and circumstances shown, independently of the declarations of agency admitted over the objections of appellant, were not sufficient, in our opinion, to justify the findings of the jury. At all events, it is clear, we think, that the admission of the declarations and the refusal of the court to instruct the jury, as requested by appellant, not to consider them, resulted in material injury to appellant and requires a reversal of the case.

There is but one other assignment of error, and a consideration of it is objected to by appellees on the ground that it too is not briefed in accordance with the rules. The objection should probably be sustained, but, as we think it points out no reversible error, it will be overruled.

For the reason indicated, the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.